LATHROP GPM LLP
  ALEXANDRA A. ROJE (State Bar No. 210566)
    Alex.Roje@LathropGPM.com
  JOSHUA J. POLLACK (State Bar No. 215922)
    Joshua.Pollack@LathropGPM.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067
Telephone:  (310) 789-4600
Facsimile:   (310) 789-4601

Attorneys for Plaintiff
AMERICAN INTERNATIONAL INDUSTRIES

MILLER NASH LLP
  PHILLIP ALLAN TRAJAN PEREZ (State Bar No. 234030)
    trajan.perez@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone:  (562) 435-8002
Facsimile:   (562) 435-7967

Attorneys for Defendant
BRENNTAG SPECIALTIES, INC.

*Additional Attorneys Listed on Signature Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL INDUSTRIES, a California General Partnership,<br><br>Plaintiff,<br><br>v.<br><br>BRENNTAG SPECIALTIES, INC., now known as BRENNTAG SPECIALTIES, LLC, a Delaware Limited Liability Corporation, et al.,<br><br>Defendants. | Case No. 2:21-cv-03888-RGK-KKx<br><br>Hon. R. Gary Klausner<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER

1.    A.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to

- 1 -

facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Action: this pending federal lawsuit.

2.2      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

- 2 -

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

- 3 -

STIPULATED PROTECTIVE ORDER

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

1    including the time limits for filing any motions or applications for extension of time

2    pursuant to applicable law.

3    5.        DESIGNATING PROTECTED MATERIAL

4         5.1    Exercise of Restraint and Care in Designating Material for Protection.

5    Each Party or Non-Party that designates information or items for protection under this

6    Order must take care to limit any such designation to specific material that qualifies

7    under the appropriate standards.  To the extent it is practical to do so, the Designating

8    Party must designate for protection only those parts of material, documents, items, or

9    oral or written communications that qualify – so that other portions of the material,

10   documents, items, or communications for which protection is not warranted are not

11   swept unjustifiably within the ambit of this Order.

12        Mass, indiscriminate, or routinized designations are prohibited.  Designations

13   that are shown to be clearly unjustified or that have been made for an improper

14   purpose (e.g., to unnecessarily encumber or retard the case development process or to

15   impose unnecessary expenses and burdens on other parties) may expose the

16   Designating Party to sanctions.

17        If it comes to a Designating Party's attention that information or items that it

18   designated for protection do not qualify for protection, that Designating Party must

19   promptly notify all other Parties that it is withdrawing the inapplicable designation.

20        5.2    Manner and Timing of Designations. Except as otherwise provided in

21   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

22   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

23   under this Order must be clearly so designated before the material is disclosed or

24   produced.

25        Designation in conformity with this Order requires:

26

27                                                        - 5 -

28                                        STIPULATED PROTECTIVE ORDER

1              (a) for information in documentary form (e.g., paper or electronic

2   documents, but excluding transcripts of depositions or other pretrial or trial

3   proceedings), that the Producing Party affix, at a minimum, the legend

4   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that

5   contains protected material.  If only a portion or portions of the material on a page

6   qualifies for protection, the Producing Party also must clearly identify the protected

7   portion(s) (e.g., by making appropriate markings in the margins).

8       A Party or Non-Party that makes original documents available for inspection

9   need not designate them for protection until after the inspecting Party has indicated

10   which documents it would like copied and produced.  During the inspection and

11   before the designation, all of the material made available for inspection shall be

12   deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents

13   it wants copied and produced, the Producing Party must determine which documents,

14   or portions thereof, qualify for protection under this Order.  Then, before producing

15   the specified documents, the Producing Party must affix the CONFIDENTIAL legend

16   to each page that contains Protected Material.  If only a portion or portions of the

17   material on a page qualifies for protection, the Producing Party also must clearly

18   identify the protected portion(s) (e.g., by making appropriate markings in the

19   margins).

20              (b) for testimony given in deposition or in other pretrial proceedings, that

21   the Designating Party identify on the record, before the close of the deposition,

22   hearing, or other proceeding, all protected testimony.  When it is impractical to

23   identify separately each portion of testimony that is entitled to protection and it

24   appears that substantial portions of the testimony may qualify for protection, the

25   Designating Party may invoke on the record (before the deposition, hearing, or other

26   proceeding is concluded) a right to have up to 21 days to identify the specific portions

27

28

- 6 -

of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a

1  Receiving Party must comply with the provisions of section 13 below (FINAL

2  DISPOSITION).

3         Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons

5  authorized under this Order.

6         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

7  otherwise ordered by the court or permitted in writing by the Designating Party, a

8  Receiving Party may disclose any information or item designated

9  "CONFIDENTIAL" only to:

10              (a)    the Receiving Party's Outside Counsel of Record in this Action, as

11  well as employees of said Outside Counsel of Record to whom it is reasonably

12  necessary to disclose the information for this Action;

13              (b)    the officers, directors, and employees (including House Counsel)

14  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

15              (c)    Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18              (d)    the court and its personnel;

19              (e)    court reporters and their staff;

20              (f)    professional jury or trial consultants, mock jurors, and

21  Professional Vendors to whom disclosure is reasonably necessary for this Action and

22  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23              (g)    the author or recipient of a document containing the information

24  or a custodian or other person who otherwise possessed or knew the information;

25              (h)    during their depositions, witnesses and attorneys for witnesses in

26  the Action to whom disclosure is reasonably necessary and who have signed the

27

28

- 9 -

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

2   agreed by the Designating Party or ordered by the court.  Pages of transcribed

3   deposition testimony or exhibits to depositions that reveal Protected Material must be

4   separately bound by the court reporter and may not be disclosed to anyone except as

5   permitted under this Stipulated Protective Order;

6           (i)     any mediator or settlement officer, and their supporting personnel,

7   mutually agreed upon by the Parties; and

8           (j)     any person who the Parties agree in writing may receive

9   "CONFIDENTIAL" Information or Items.

10  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

11          OTHER LITIGATION

12          If a Party is served with a subpoena or a court order issued in other litigation

13  that compels disclosure of any information or items designated in this Action as

14  "CONFIDENTIAL," that Party must:

15          (a)     promptly notify in writing the Designating Party.  Such

16  notification shall include a copy of the subpoena or court order;

17          (b)     promptly notify in writing the party who caused the subpoena or

18  order to issue in the other litigation that some or all of the material covered by the

19  subpoena or order is subject to this Protective Order.  Such notification shall include a

20  copy of this Stipulated Protective Order; and

21          (c)     cooperate with respect to all reasonable procedures sought to be

22  pursued by the Designating Party whose Protected Material may be affected.

23          If the Designating Party timely seeks a protective order, the Party served with

24  the subpoena or court order shall not produce any information designated in this

25  action as "CONFIDENTIAL" before a determination by the court from which the

26  subpoena or order issued, unless the Party has obtained the Designating Party's

27

28

- 10 -

STIPULATED PROTECTIVE ORDER

permission.  The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this Action to

disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

        PRODUCED IN THIS LITIGATION

        (a)      The terms of this Order are applicable to information produced by a

Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be

construed as prohibiting a Non-Party from seeking additional protections.

        (b)      In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

               (1)      promptly notify in writing the Requesting Party and the Non-Party

that some or all of the information requested is subject to a confidentiality agreement

with a Non-Party;

               (2)      promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

               (3)      make the information requested available for inspection by the

Non-Party, if requested.

        (c)      If the Non-Party fails to seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may

produce the Non-Party's confidential information responsive to the discovery request.

- 11 -

If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.     MISCELLANEOUS

        12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party may not file in the public record in this Action any Protected Material without first receiving either written permission from the Designating Party or a court order secured after appropriate notice to all interested persons.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.2.2(b) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5.2.2(b)(ii) unless otherwise instructed by the court.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

STIPULATED PROTECTIVE ORDER

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  October 15, 2021                    LATHROP GPM LLP

                                    By:    */s/ Alexandra A. Roje*
                                           Alexandra A. Roje
                                           Attorneys for Plaintiff
                                           AMERICAN INTERNATIONAL
                                           INDUSTRIES


Dated:  October 15, 2021                    MILLER NASH LLP

                                    By:    */s/ Phillip Allan Trajan Perez*
                                           Phillip Allan Trajan Perez
                                           Attorneys for Defendant
                                           BRENNTAG SPECIALTIES, INC., now
                                           known as BRENNTAG SPECIALTIES, LLC

- 14 -

1
2   Dated:  October 15, 2021             MONTGOMERY MCCRACKEN WALKER
                                         & RHOADS LLP
3
                                    By:  /s/ Richard Placey
4                                        Richard Placey
5                                        Georgette Castner
                                         Attorneys for Defendant
6                                        BRENNTAG SPECIALTIES, INC., now
7                                        known as BRENNTAG SPECIALTIES, LLC

8
9   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

10
11  DATED: October 18, 2021

12

13  _____

14  Honorable Kenly Kiya Kato

15  United States Magistrate Judge

16

17
18          Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories

19  listed, and on whose behalf the filing is submitted, concur in the filing's content and

20  have authorized the filing.

21
22  Dated: October 15, 2021             /s/ Alexandra A. Roje

23                                      Alexandra A. Roje

24

25

26

27                                      - 15 -
28                              STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *American*

*International Industries v. Brenntag Specialties, Inc., et al.*, Case No. 2:21-cv-03888-

RGK-KK.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or type

full name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 16 -

STIPULATED PROTECTIVE ORDER